CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
JUN 05 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LISA G. KING, | CASE NO. 4:05CV00071 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 25, 2002 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before the undersigned under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING the defendant's motion for summary judgment, and DISMISSING this case from the docket of the court.

In *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981), the Court of Appeals for the Fourth Circuit, following *Califano v. Sanders*, 430 U.S. 99 (1977), held administrative *res judicata* bars judicial review of the Commissioner's decision not to reopen a claim for disability benefits unless the claimant asserts a colorable constitutional claim or the Commissioner is found, in fact, to have considered the merits of the claim notwithstanding the decision not to reopen. *See also* 20 C.F.R. §§ 404.987 *et seq.* In a decision eventually adopted as a final decision of the

Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff previously had applied for benefits on October 13, 2000 alleging disability beginning February 5, 1997, that the claim had been denied upon reconsideration on February 8, 2001 and that such decision became final for want of further appeal. (R. 25-27, 29.) The Law Judge further found that plaintiff filed a subsequent application on October 25, 2002 alleging disability beginning April 9, 1998 which was constituted as a request to reopen and revise the prior final and binding adverse decision. (R. 26, 29.) The Law Judge determined that the additional evidence submitted in support of plaintiff's instant claim was not new and material concerning the period previously adjudicated, and that it failed to establish good cause to reopen the decision dated February 8, 2001. (R. 27-29.) Reopening was denied. (R. 28, 29.)

While the case was on appeal to the Appeals Council, plaintiff, *pro se*, submitted additional evidence, along with a letter in support of her appeal. (R. 795-812.) Thereafter, counsel entered an appearance and was allowed additional time to submit more evidence or a statement in support of the appeal, which he did. (R. 17-18, 814-819.) The Appeals Council found no reason to grant review and, thus, denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 13-15.) This action ensued.

The Commissioner has moved for summary judgment on grounds articulated in the *Califano* and *McGowen* cases. Plaintiff has not provided the court either with a brief in support of her complaint or in opposition to the Commissioner's motion.[1] The undersigned's review of the record discloses that the Commissioner did not, in fact, reopen the case, and there is no

---

[1] The undersigned has considered counsel's letter brief to the Appeals Council which addresses the propriety of the Law Judge's failure to reopen the claim.

2

constitutional infirmity alleged in the complaint. *Res judicata* bars further judicial review, and there is no basis upon which the court can assume jurisdiction to review plaintiff's claim for benefits.

Thus, it is RECOMMENDED that an order enter GRANTING the defendant's motion for summary judgment, and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

6-5-06
Date

3